UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDUIN RAMON NAJERA SEVILLA,

Petitioner,

v. Case No.: 2:26-cv-02748-SPC-NPM

WARDEN OF GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.
_____________________________________/

**OPINION AND ORDER**

Before the Court is Eduin Ramon Najera Sevilla's Amended Petition for Writ of Habeas Corpus (Doc. 4), the government's response (Doc. 6), and Najera Sevilla's reply (Doc. 7).

Najera Sevilla is a native and citizen of Honduras who entered the United States without inspection on June 28, 2021. He has a pending asylum application, work authorization, and no criminal record. On August 16, 2026, a Border Patrol agent arrested Najera Sevilla due to his immigration status. The next day, a different Border Patrol agent issued and served an I-200 Warrant for Arrest of Alien and a Notice to Appear.

In his habeas petition, Najera Sevilla argues his warrantless arrest and detention violate the Fifth Amendment, the Immigration and Nationality Act, and implementing regulations. In response, the government certifies it is

detaining Najera Sevilla under 8 U.S.C. § 1226(a). The rest of the response is contradictory. The government recognizes the importance of issuing a warrant and notice to appear before arresting a noncitizen and acknowledges that did not occur here. The government then inexplicably states it followed the proper policies and procedures in detaining Najera Sevilla. But based on the uncontested facts, it did not.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The Court finds a clear Fifth Amendment violation here because the government did not afford Najera Sevilla the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The

timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

The government violated Najera Sevilla's right to due process by arresting and detaining him without a warrant and before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025)

Accordingly, it is hereby

**ORDERED**:

Eduin Ramon Najera Sevilla's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim the arresting officer had the requisite probable cause here.

(1) The respondents shall release Najera Sevilla within 24 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record